Emily S. Chou
State Bar No. 24006997
J. Blake Glatstein
State Bar No. 24123295
Mary Taylor Stanberry
State Bar No. 24143781
**VARTABEDIAN HESTER & HAYNES LLP**
301 Commerce Street, Suite 2200
Fort Worth, Texas 76102
Tel: 817-214-4990
emily.chou@vhh.law
blake.glatstein@vhh.law
mary.stanberry@vhh.law

PROPOSED ATTORNEYS FOR DEBTOR
AND DEBTOR-IN-POSSESSION

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 Case |
| | ) | |
| ECUBE LABS CO. | ) | Case No. 25-43950 |
| | ) | |
| | ) | |
| Debtor. | ) | |

**DECLARATION OF JAMES NOH IN SUPPORT OF DEBTOR'S MOTION FOR ORDER AUTHORIZING THE DEBTOR TO PAY PRE-PETITION WAGES, EMPLOYMENT TAXES, AND OTHER EMPLOYEE-BENEFIT OBLIGATIONS**

James Noh makes the following Declaration in Support of Debtor Ecube Labs Co.'s ("Debtor's") Motion for Order Authorizing the Debtor to Pay Pre-Petition Wages, Employment Taxes, and Other Employee-Benefit Obligations ("Motion," ECF No. 3):

1. "My name is James Noh. I am over the age of twenty-one (21) years and of sound mind. I am an officer of Debtor and manage the finances and operations of Debtor. In my position,

1

I am familiar with Debtor's operations, finances, and employees. Therefore, I have personal knowledge of the facts set forth below and know them to be true and correct as stated.

2. Debtor is a Delaware corporation. Debtor is engaged in and provides waste management services for the commercial sector. Unlike traditional waste management companies, Debtor does not have its own fleet of dump trucks, a pool of drivers as employees, or boots-on-the-ground salespeople across the country. Debtor maintains a small staff of office employees for administrative and back-office tasks, Debtor contracts third-party staffing agencies to staff the company's remote sales and customer service teams, and Debtor contractually engages independent, small-business trash haulers local to Debtor's customers to provide waste pickup services. In simple terms, Debtor connects local businesses with local waste haulers. As of the Petition Date, Debtor has grown its business to thousands of customers.

3. Debtor has six employees ("Employees") who are all on salary basis and are paid twice a month. The Employees are paid on a bi-monthly basis, in the middle and at the end of each calendar month. The next payroll will be due October 15, 2025, which will cover the pay period October 1 to October 15, 2025. On October 10, 2025 (the "Petition Date"), Debtor filed a voluntary petition pursuant to Chapter 11 of the Bankruptcy Code. Debtor continues to manage and operate its business as a debtor in possession. This pay period includes nine prepetition days from October 1 to October 9.

4. Debtor contracts with ADP to process payroll. For each pay period, ADP draws the funds for payroll from Debtor's bank account two days prior to when payroll is to be made. ADP charges a fee for processing each payroll. The fee is drawn by ADP from Debtor's account with each payroll. Accordingly, ADP is not owed service charges for any payroll processed prior to the Petition Date. ADP handles the federal withholding from the employees' gross pay and

draws the funds for the employer portion of employment taxes along with the payroll and remit both to the taxing authorities. ADP also draws from Debtor's account the funds to pay health insurance and benefits provided by Debtor to the Employees. ADP also withholds and remits such other amounts as designated by the employees or other authorities and remits the same to relevant parties.

5. The gross salary for the nine prepetition days for the Employees aggregate approximately $14,520. Debtor seeks the authority to pay approximately $14,520 in gross salaries earned by the Employees prepetition. Debtor also seeks the authority to pay the employment taxes associated with the prepetition salaries in approximately $1,111.

6. Debtor offers health benefits and insurance to the Employees which is paid by Debtor. The health benefits and insurance are integral and essential components of the total compensation package offered by Debtor to the Employees. The premium and benefits for the month of October is approximately $5,097 combined for all of the Employees. Included in the approximately $5,097 in health benefits and insurance for the month of October are nine prepetition days. Debtor requests authority to pay any prepetition amounts attributable to such health insurance and benefits.

7. Depending on an Employee's tenure with Debtor, an Employee may have accrued vacation and other paid time off based upon work performed prepetition. Debtor requests authority to honor the Employees' prepetition accrued vacation days and other paid leave in the ordinary course.

8. Prior to the Petition Date and in the ordinary course of business, Debtor reimbursed employees for valid business expenses incurred in the ordinary course of their employment. This includes expenses relating to, among other things, mileage reimbursements, cell phone

reimbursements, and a variety of miscellaneous expenses (the "Reimbursable Expenses"). To the best of Debtor's knowledge, as of the Petition Date, no prepetition Reimbursable Expenses are pending payment. Out of an abundance of caution, however, in the event any employee applies, post-petition, for reimbursement of valid pre-petition business expenses, Debtor seeks permission to make reimbursements to employees for valid business expenses up to $1,500 total.

9. Pursuant to 28 U.S.C. 1746, I declare under penalty of perjury that the foregoing is true and correct."

EXECUTED October 14, 2025.

_____
James Noh