Emily S. Chou
State Bar No. 24006997
J. Blake Glatstein
State Bar No. 24123295
Mary Taylor Stanberry
State Bar No. 24143781
**VARTABEDIAN HESTER & HAYNES LLP**
301 Commerce Street, Suite 2200
Fort Worth, Texas 76102
Tel: 817-214-4990
emily.chou@vhh.law
blake.glatstein@vhh.law
mary.stanberry@vhh.law

PROPOSED ATTORNEYS FOR DEBTOR
AND DEBTOR-IN-POSSESSION

### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE NORTHERN DISTRICT OF TEXAS
### FORT WORTH DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 Case |
| | ) | |
| ECUBE LABS CO. | ) | Case No. 25-43950 |
| | ) | |
| | ) | |
| Debtor. | ) | |

---

### DECLARATION OF JAMES NOH IN SUPPORT OF DEBTOR'S EMERGENCY
### CASH MANAGEMENT MOTION

---

James Noh makes the following Declaration in Support of Debtor Ecube Labs Co.'s

("Debtor's") *Debtor's Emergency Cash Management Motion for Entry of Interim and Final*

*Orders: (1) Authorizing the Debtor to Maintain Existing Bank Accounts; (2) Directing Wells*

*Fargo Bank to Immediately Lift the Debit Block on the Debtor's Bank Accounts; and (3) for*

*Related Relief* ("Motion,") [ECF No. 25]:

1. "My name is James Noh. I am over the age of twenty-one (21) years and of sound

mind. I am an officer of Debtor and manage the finances and operations of Debtor. In my position,

1

I am familiar with Debtor's operations, finances, and employees. Therefore, I have personal knowledge of the facts set forth below and know them to be true and correct as stated.

2.      Debtor is a Delaware corporation.  Debtor is engaged in and provides waste management services for the commercial sector. Unlike traditional waste management companies, Debtor does not have its own fleet of dump trucks, a pool of drivers as employees, or boots-on-the-ground salespeople across the country.  Debtor maintains a small staff of office employees for administrative and back-office tasks, Debtor contracts third-party staffing agencies to staff the company's remote sales and customer service teams, and Debtor contractually engages independent, small-business trash haulers local to Debtor's customers to provide waste pickup services. In simple terms, Debtor connects local businesses with local waste haulers.   As of the Petition Date, Debtor has grown its business to thousands of customers.

3.      The Debtor maintains three bank accounts ("Bank Accounts") at Wells Fargo Bank ("Bank").  The accounts are identified by the last four digits of the account number as follows:

> Acct ending 9826 - Collection Account
> Acct ending 8490 - Operating Account
> Acct ending 4140 - Miscellaneous Account

4.      The Debtor's Cash Management System is as follows:  the Debtor uses the Collection Account for collecting revenue, uses the Operating Account to pay vendors, and the Miscellaneous Account is not used in its operations.

5.      The Debtor has thousands of customers that make electronic payments directly into the Collection Account.  Additionally, the Debtor has over two hundred vendors that the Debtor has set up electronic payments paid out of the Operating Account.

6.      After the Petition Date, the Bank placed a debit-block on the Bank Accounts and barred the Debtor's access to its funds.

7.      The relief requested in the Motion is necessary to avoid immediate and irreparable harm to the Debtor.  Authorizing the Debtor to maintain the Cash Management System using the Bank Accounts would ensure the Debtor can operate its business without the disruption and confusion of having thousands of customers changing previously established payment structures. Additionally, as the Debtor's vendors are already uneasy with the Debtor's bankruptcy filing, if the Debtor had to change its bank accounts and re-establish vendor payment structures, it is likely to cause delays and further erode the Debtor's relationship with vendors.  The Debtor also needs immediate access to its funds that are currently frozen by the debit-block placed by the Bank.  Accordingly, the relief sought in the Motion is in the best interest of the Debtor's estate and creditors.

8.      Pursuant to 28 U.S.C. 1746, I declare under penalty of perjury that the foregoing is true and correct."

EXECUTED October 22, 2025.

_____
James Noh