Emily S. Chou
State Bar No. 24006997
J. Blake Glatstein
State Bar No. 24123295
Mary Taylor Stanberry
State Bar No. 24143781
**VARTABEDIAN HESTER & HAYNES LLP**
301 Commerce Street, Suite 2200
Fort Worth, Texas 76102
Tel: 817-214-4990
Email: emily.chou@vhh.law
blake.glatstein@vhh.law
mary.stanberry@vhh.law

PROPOSED ATTORNEYS FOR DEBTOR
AND DEBTOR-IN-POSSESSION

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## FORT WORTH DIVISION

| | | |
|---|---|---|
| In re: | § | Chapter 11 Case |
| | § | |
| ECUBE LABS CO., | § | Case No. 25-43950 |
| | § | |
| | § | |
| Debtor. | § | |

**MOTION TO EXPEDITE HEARINGS ON: (1) DEBTOR'S OMNIBUS MOTION FOR ENTRY OF ORDER (I) AUTHORIZING THE ASSUMPTION OF EIGHT HAULER AGREEMENTS, AND (II) ESTABLISH THE CURE AMOUNTS ASSOCIATED WITH THE EIGHT HAULER AGREEMENTS [ECF NO. 47], AND (2) DEBTOR'S MOTION FOR ENTRY OF INTERIM AND FINAL ORDERS (I) AUTHORIZING THE DEBTOR TO OBTAIN SECURED POST-PETITION FINANCING, (II) SCHEDULING A FINAL HEARING, AND (III) GRANTING RELATED RELIEF [ECF. NO. 48]**

TO THE HONORABLE MARK X. MULLIN, UNITED STATES BANKRUPTCY JUDGE:

Ecube Labs Co. (the "Debtor"), as debtor and debtor-in-possession in this chapter 11 case, files this Motion to Expedite Hearings on: (1) *Debtor's Omnibus Motion For Entry Of Order (I) Authorizing the Assumption of Eight Hauler Agreements, and (II) Establish the Cure Amounts Associated with the Eight Hauler Agreements* (the "Omnibus Motion") [ECF No. 47] and (2)

Page 1

*Debtor's Motion for Entry of Interim and Final Orders (I) Authorizing the Debtor to Obtain Secured Post-Petition Financing, (II) Scheduling a Final Hearing, and (III) Granting Related Relief* (the "DIP Motion") [ECF No. 48].[1]

## The Omnibus Motion

1. The Debtor seeks an expedited consideration of the Omnibus Motion. As described in the Omnibus Motion, the Debtor works with Independent Haulers to provide waste pick up services to the Debtor's customers. For the most part, the Independent Haulers consist of small businesses with limited resources. Those Eight Hauler counterparties to the Assumed Hauler Contracts are in a subgroup of irreplaceable haulers because these Eight Haulers operate in locations where the Debtor cannot easily, or there are no other viable options, to replace.

2. While the Eight Haulers would not be permitted to stop performing under an executory contract on account of pre-petition debts, these Eight Haulers represent a real risk they would simply stop providing services due to the pre-petition unpaid debts because they are small businesses and unfamiliar with the bankruptcy process. While the Debtor may have the legal right to compel performance from the Eight Haulers, if they were to miss even one week of waste pickup that would pose a serious risk to the Debtor losing customers to competitors. Consequently, the assumption of the Assumed Hauler Agreements is important to the stability of the Debtor's business and gives the Debtor the chance for a successful reorganization.

3. The Debtor seeks to expedite the Omnibus Motion as the Debtor is concurrently seeking authorization to obtain secured post-petition financing which would provide the Debtor with the working capital needed to pay the cure costs for the Assumed Hauler Agreements. In the exercise of the Debtor's good faith business judgment, minimizing the disturbance to its working

---

[1] Capitalized terms not defined in this Motion to Expedite Hearing

Page 2

relationship with the Eight Haulers that the Debtor critically rely on is in the best interest of the estate and its creditors as the Debtor cannot afford to lose customers and suffer reputational harm that that may prove detrimental to the Debtor's chances of reorganization.

### The DIP Motion

4. The Debtor seeks expedited consideration of the DIP Motion because the Debtor is in need of working capital to maintain normal business operations. The post-petition funding would allow the Debtor to ensure the Eight Haulers would not stop performing and to develop new business, critical components for the Debtor's reorganization.

### Notice

5. All parties most likely to have an interest in these matters are parties receiving ECF notice in this case and thus will receive prompt notice of the Motion and notice of expedited hearing immediately upon filing.

WHEREFORE, the Debtor respectfully requests that the Court grant this Motion to Expedite and for all such other and further relief as is just and proper.

Dated: November 12, 2025    Respectfully submitted,

/s/ Emily S. Chou
Emily S. Chou
State Bar No. 24006997
J. Blake Glatstein
State Bar No. 24123295
Mary Taylor Stanberry
State Bar No. 24143781
**VARTABEDIAN HESTER & HAYNES LLP**
301 Commerce Street, Suite 2200
Fort Worth, Texas 76102
Tel: 817-214-4990
Email: emily.chou@vhh.law
blake.glatstein@vhh.law
mary.stanberry@vhh.law

Page 3

PROPOSED ATTORNEYS FOR DEBTOR
AND DEBTOR-IN-POSSESSION

## CERTIFICATE OF SERVICE

I hereby certify that, on November 12, 2025, a true and correct copy of the foregoing document was served via the Court's ECF system on all parties entitled to receive ECF notice.

*/s/ Emily S. Chou*
Emily S. Chou