**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| ECUBE LABS CO., | ) | Case No. 25-43950 |
| | ) | |
| Debtor. | ) | Judge Mark X. Mullin |
| | ) | |

**MOTION OF EL PASO DISPOSAL, LP, WASTE CONNECTIONS
OF TEXAS, LLC, WASTE CONNECTIONS LONE STAR, INC., AND WASTE
CONNECTIONS US, INC. TO FILE MOTION AND EXHIBIT UNDER SEAL**

---

**NO HEARING WILL BE CONDUCTED HEREON UNLESS A WRITTEN RESPONSE IS FILED WITH THE CLERK OF THE UNITED STATES BANKRUPTCY COURT AT ELDON B. MAHON U.S. COURTHOUSE, 501 W. 10TH STREET, FORT WORTH, TEXAS 76102 BEFORE CLOSE OF BUSINESS ON DECEMBER 3, 2025, WHICH IS AT LEAST 21 DAYS FROM THE DATE OF SERVICE HEREOF.**

**ANY RESPONSE SHALL BE IN WRITING AND FILED WITH THE CLERK, AND A COPY SHALL BE SERVED UPON COUNSEL FOR THE MOVING PARTIES PRIOR TO THE DATE AND TIME SET FORTH HEREIN. IF A RESPONSE IS FILED A HEARING MAY BE HELD WITH NOTICE ONLY TO THE OBJECTING PARTY.**

**IF NO HEARING ON SUCH NOTICE OR MOTION IS TIMELY REQUESTED, THE RELIEF REQUESTED SHALL BE DEEMED TO BE UNOPPOSED, AND THE COURT MAY ENTER AN ORDER GRANTING THE RELIEF SOUGHT OR THE NOTICED ACTION MAY BE TAKEN.**

---

El Paso Disposal, LP, Waste Connections of Texas, LLC, Waste Connections Lone Star, Inc., and Waste Connections US, Inc. (collectively, the "Waste Connections Parties") hereby move (the "Motion") for entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Proposed Order"), (a) authorizing the Waste Connections Parties to file unredacted versions of the Stay Relief Motion and PI Order (each defined below) under seal; and (b) granting related relief. In support of the Motion, the Waste Connections Parties respectfully state as follows:

**Jurisdiction**

1.    This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

2.    Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

**Background**

3.    On March 27, 2024, the Waste Connections Parties initiated a lawsuit against the above-captioned debtor and debtor-in-possession (the "Debtor") in the United States District Court for the Western District of Texas (the "District Court") asserting numerous state and federal law claims, including claims for trade secret misappropriation under federal and Texas law (Case No. 3:24-cv-00097, the "El Paso Litigation"). On September 24, 2025, upon finding that the Waste Connections Parties were likely to succeed on the merits of several claims, including their trade secret claims, the District Court entered an order (the "PI Order") issuing a preliminary injunction against the Debtor (the "Preliminary Injunction"). (District Docket No. 175.)[1] The District Court filed the PI Order under seal.

4.    Contemporaneously herewith, the Waste Connections Parties filed a motion for relief from the automatic stay (a) to the extent relief from stay is necessary, allow the enforcement of the prepetition Preliminary Injunction entered by the District Court in the El Paso Litigation and (b) to allow the Waste Connections Parties to liquidate their claims against the Debtor in the El Paso Litigation (the "Stay Relief Motion"). The Stay Relief Motion, which attaches the sealed PI Order as Exhibit A thereto, cites and quotes language from the sealed PI Order. Because the District Court sealed the PI Order, the Waste Connections Parties can file unreacted versions of the Stay Relief Motion and PI Order only under seal.

---

[1] Citations to the "District Docket No. __" refer to the docket number in the El Paso Litigation.

5.     Although the Waste Connections Parties have filed a redacted version of the Stay Relief Motion on the public docket, the Waste Connections Parties believe the unredacted version of the Stay Relief Motion and PI Order provide the Court with necessary background and context for the Waste Connections Parties' requests for relief in the Stay Relief Motion. Accordingly, the Waste Connections Parties seek authority to file under seal the unredacted Stay Relief Motion and PI Order attached thereto.

## Relief Requested

6.     By this Motion, the Waste Connections Parties request entry of the Proposed Order that (a) authorizes the Waste Connections Parties to file under seal unredacted versions of the Stay Relief Motion and PI Order; and (b) grants related relief.

## Basis for Relief

7.     Section 105(a) of the Bankruptcy Code codifies the Court's inherent equitable powers and empowers it to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a). Further, Rule 9077-1(b) of the Local Rules of Bankruptcy Procedure for the United States Bankruptcy Court for the Northern District of Texas provides that "[i]f no statute or rule requires or permits a document to be filed under seal, a party may file a document under seal only on motion and by permission of the Presiding Judge." L.R. 9077-1(b).

8.     Here, the Court should grant the Motion and enter the Proposed Order. Through the Stay Relief Motion, the Waste Connections Parties are seeking stay relief that directly involves the PI Order, such as allowing the enforcement of the Preliminary Injunction. Accordingly, the Waste Connections Parties must necessarily cite to language in the PI Order. The Waste Connections Parties believe that unredacted versions of the Stay Relief Motion and PI Order will provide the

3

Court with necessary background and context for the Stay Relief Motion. But because the District

Court sealed the PI Order, the Waste Connections Parties can file unredacted versions of the Stay

Relief Motion and PI Order only under seal.

9. Therefore, the Waste Connections Parties respectfully request authority to file

unredacted versions of the Stay Relief Motion and PI Order under seal.

**<u>No Previous Request</u>**

10. No previous request for the relief sought herein has been made by the Waste

Connections Parties to this or any other court.

*[remainder of page intentionally left blank]*

## Conclusion

11.     In accordance with the foregoing, the Waste Connections Parties respectfully request entry of the Proposed Order granting the relief requested herein and such other and further relief as the Court may deem just and proper.

Dated: November 12, 2025

Respectfully submitted,

**BAKER & HOSTETLER LLP**

By: /s/ *Alexis C. Beachdell*
Joshua J. Bennett
Texas Bar No. 24059444
jjbennett@bakerlaw.com
2850 North Harwood Street, Suite 100
Dallas, Texas 75201
Tel: 214.210.1200
Fax. 214.210.1201

Daniel Buzzetta (admitted *pro hac vice*)
New York Bar No. 2680528
dbuzzetta@bakerlaw.com
Jorian L. Rose (*pro hac vice forthcoming*)
New York Bar No. 2901783
jrose@bakerlaw.com
45 Rockefeller Plaza, 14th Floor
New York, New York 10111
Tel: 212.589.4200

Alexis C. Beachdell (admitted *pro hac vice*)
Ohio Bar No. 0083642
abeachdell@bakerlaw.com
Scott E. Prince (admitted *pro hac vice*)
Ohio Bar No. 0096004
sprince@bakerlaw.com
127 Public Square, Suite 2000
Cleveland, Ohio 44114
Tel: 216.621.0200

*Attorneys for El Paso Disposal, LP;*
*Waste Connections of Texas, LLC;*
*Waste Connections Lone Star, Inc.;*
*and Waste Connections US, Inc.*

5

**CERTIFICATE OF CONFERENCE**

The undersigned hereby certifies that, on November 12, 2025, she personally attempted to confer by email with counsel for the Debtor but did not receive a response prior to filing.

*/s/ Alexis C. Beachdell*
Alexis C. Beachdell (*admitted pro hac vice)*
*Counsel for the Waste Connections Parties*

**CERTIFICATE OF SERVICE**

I hereby certify that, on November 12, 2025, a true and accurate copy of the foregoing motion was served electronically via the Court's CM/ECF notification system on all parties registered to receive such service.

*/s/ Alexis C. Beachdell*
Alexis C. Beachdell (admitted *pro hac vice*)
*Counsel  for  the Waste Connections Parties*

6

## **EXHIBIT A**

**Proposed Order**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| ECUBE LABS CO., | ) | Case No. 25-43950 |
| | ) | |
| Debtor. | ) | Judge Mark X. Mullin |
| | ) | |

**ORDER AUTHORIZING EL PASO DISPOSAL, LP, WASTE CONNECTIONS
OF TEXAS, LLC, WASTE CONNECTIONS LONE STAR, INC., AND WASTE
<u>CONNECTIONS US, INC. TO FILE MOTION AND EXHIBIT UNDER SEAL</u>**

Upon the motion (the "<u>Motion</u>")[1] of El Paso Disposal, LP, Waste Connections of Texas,

LLC, Waste Connections Lone Star, Inc., and Waste Connections US, Inc. (collectively, the "<u>Waste</u>

<u>Connections Parties</u>") for entry of an order (a) authorizing the Waste Connections Parties to file

under seal unredacted versions of the Stay Relief Motion and PI Order, and (b) granting related

---

[1] Capitalized terms used herein but not otherwise defined shall have the meanings ascribed to them in the Motion.

relief, all as more fully set forth in the Motion; and this Court having jurisdiction to consider the

Motion and the relief requested therein pursuant to 28 U.S.C. § 1334; and consideration of the

Motion and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and it

appearing that venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due

and proper notice of the Motion having been provided; and such notice having been adequate and

appropriate under the circumstances, and it appearing that no other or further notice need be

provided; and this Court having reviewed the Motion; and the Court having determined that the

legal and factual bases set forth in Motion establish just cause for the relief granted herein; and

upon all of the proceedings had before this Court and after due deliberation and sufficient cause

appearing therefor,

### IT IS HEREBY ORDERED THAT

1.      The Motion is **GRANTED** as set forth herein.

2.      The Waste Connections Parties are authorized to file unredacted versions of the

Stay Relief Motion and PI Order under seal.

3.      The Waste Connections Parties are authorized to take all actions necessary or

appropriate to carry out the relief granted in this Order.

4.      This Court shall retain jurisdiction to hear and determine all matters arising from

or related to the implementation, interpretation, or enforcement of this Order.