



CLERK, U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

# ENTERED

THE DATE OF ENTRY IS ON
THE COURT'S DOCKET

**The following constitutes the ruling of the court and has the force and effect therein described.**

**Signed November 17, 2025**

**United States Bankruptcy Judge**

___

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| In re: | § | Chapter 11 Case |
| | § | |
| ECUBE LABS CO. | § | Case No. 25-43950-11 |
| | § | |
| | § | |
| Debtor. | § | |

**ORDER GRANTING DEBTOR'S OMNIBUS MOTION FOR ENTRY OF ORDER
(I) AUTHORIZING THE ASSUMPTION OF EIGHT HAULER AGREEMENTS, AND
(II) ESTABLISHING THE CURE AMOUNTS ASSOCIATED WITH THE
<u>EIGHT HAULER AGREEMENTS</u>**

Came on for consideration the *Debtor's Omnibus Motion for Entry of Order (I) Authorizing the Assumption of Eight Hauler Agreements, and (II) Establishing the Cure Amounts Associated with the Eight Hauler Agreements* [Dkt. No. 47] (the "<u>Motion</u>")[1] filed by Ecube Labs Co. ("<u>Debtor</u>"), as debtor and debtor-in-possession, for entry of an order authorizing the Debtor to assume the Assumed Hauler Agreements and to establish the cure amounts for the Assumed Hauler

___

[1] Capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the Motion.

Agreements. The Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334; and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and a hearing having been held on November 14, 2025, to consider the Motion (the "Hearing"); and upon the record of the Hearing and all of the proceedings had before the Court; and after due deliberation and sufficient cause, it is therefore ORDERED that

1. The Motion is granted.

2. Pursuant to Bankruptcy Rules 6006(e), the Court authorizes the Debtor's filing of the Motion as an omnibus motion incorporating multiple executory contracts to be assumed pursuant to section 365 of the Bankruptcy Code.

3. The Court recognizes the Debtor's Motion complies with Bankruptcy Rule 6006(f).

4. The Debtor's assumption of the Assumed Hauler Agreements is approved.

5. The cure amounts for each of the Hauler Agreements are established as follows:

| Agreement | Counterparty to Agreement | Cure Amount |
|---|---|---|
| Feb. 8, 2024 Hauler Agreement | Carolina Waste Group | $88,827.64 |
| Mar. 18, 2022 Hauler Agreement | Coastal Waste & Recycling Inc. | $76,869.20 |
| June 4, 2024 Hauler Agreement | Fusion Recycling LLC | $33,175.77 |
| Nov. 1, 2024 Hauler Agreement | GFL Holdco (US), LLC | $23,337.78 |
| Oct. 26, 2022 Hauler Agreement | Recycling Services of Florida, Inc. (a/k/a Midwest Paper Retriever) | $6,167.86 |
| Aug. 8, 2023 Hauler Agreement | Rio Grande Waste Services, Inc. | $55,165.14 |
| Apr. 22, 2020 Hauler Agreement | Texas Pride Disposal | $158,085.50 |
| June 21, 2022 Hauler Agreement | Universal Waste Systems Inc. | $114,986.84 |

6. The Debtor shall pay the cure amounts associated with each of the Hauler Agreements.

7. The fourteen (14) day stay imposed by Bankruptcy Rule 6004(h) is waived.

8. This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation and enforcement of this Order.

### ### END OF ORDER ###