Emily S. Chou
State Bar No. 24006997
J. Blake Glatstein
State Bar No. 24123295
Mary Taylor Stanberry
State Bar No. 24143781
**VARTABEDIAN HESTER & HAYNES LLP**
301 Commerce Street, Suite 2200
Fort Worth, Texas 76102
Tel: 817-214-4990
emily.chou@vhh.law
blake.glatstein@vhh.law
mary.stanberry@vhh.law

ATTORNEYS FOR DEBTOR
AND DEBTOR-IN-POSSESSION

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 Case |
| | ) | |
| ECUBE LABS CO. | ) | Case No. 25-43950 |
| | ) | |
| | ) | |
| Debtor. | ) | |

---

**SUPPLEMENTAL DECLARATION OF JAMES NOH IN SUPPORT OF DEBTOR'S (I) MOTION TO EXTEND AND ENFORCE THE AUTOMATIC STAY TO ITS NON-DEBTOR PARENT ECUBE LABS CO, LTD., (II) RESPONSE TO WASTE CONNECTIONS' MOTION FOR RELIEF FROM THE AUTOMATIC STAY, AND (III) MOTION FOR A FINAL ORDER AUTHORIZING THE DEBTOR TO OBTAIN SECURED POSTPETITION FINANCING**

---

James Noh makes the following Declaration in Support of Debtor Ecube Labs Co.'s

("Debtor's") (I) *Motion to Extend and Enforce the Automatic Stay to Its Non-Debtor Parent Ecube*

*Labs, Co., Ltd.* [ECF No. 85], (II) *Response to Waste Connections' Motion for Relief from the*

1

*Automatic Stay* [ECF No. 54], and (III) *Motion for a Final Order Authorizing the Debtor to Obtain Secured Postpetition Financing* [ECF No. 48] (collectively, the "<u>Motion Practice</u>"):

1.    "My name is James Noh. I am over the age of twenty-one (21) years and of sound mind. I am an officer of Debtor and manage the finances and operations of the Debtor.  In my position, I am familiar with the Debtor's operations, finances, and bankruptcy. I am also familiar with the Debtor's parent company Ecube Korea. And I am familiar with the litigation that ensued on March 27, 2024, against the Debtor. Therefore, I have personal knowledge of the facts set forth below and know them to be true and correct as stated.

2.    On or about April 2024, El Paso Disposal, LP, Waste Connection Lone Star, Inc., and Waste Connections of Texas, LLC (collectively, the "<u>Original Waste Connections Plaintiffs</u>"), filed suit against the Debtor in Case No. 3:24-cv-00097, *El Paso Disposal, LP et al. v. Ecube Labs Co. d/b/a Haulla Services*, in the Western District of Texas (the "<u>Trial Court</u>"). On or about March 5, 2025, the Original Waste Connections Plaintiffs amended their Complaint to add Waste Connection US, Inc. (together with the Original Waste Connections Plaintiffs, "<u>Waste Connections</u>"), as a Plaintiff. The Debtor vehemently denies Waste Connections' causes of action in the prepetition Trial Court litigation.

3.    On August 21, 2025, the Trial Court held a hearing on Waste Connections' preliminary injunction filed approximately a year into litigation on March 7, 2025. By then, the Debtor struggled financially, and it sought to agree to the preliminary injunction to lower litigation costs. After all, the Debtor has argued from the first day that the allegations regarding computer fraud and trade secrets are untrue, and the allegations regarding false advertising are legally flawed. The injunction does not hurt the Debtor at all—other than it was likely to create one more mechanism for Waste Connections to litigate. Therefore, on or around August 13, 2025, the Debtor

offered to agree to a preliminary injunction substantially similar to the one Waste Connections sought in its motion, but the Debtor also asked Waste Connections to agree to an enforcement mechanism and an agreed-upon per violation penalty. Waste Connections' counteroffer was unreasonable, asking for up to $100,000 per violation. Around the same time, the parties also had informal settlement discussions, through their respective counsel, whereby the Debtor has good reason to believe that its counsel shared the Debtor's financial condition with Waste Connections' counsel.

4.      On or about August 26, 2025, Waste Connections, through its counsel at mediation (if not earlier in informal settlement discussions between counsel), learned of the Debtor's financial position and its inability to pay debts as they became due.

5.      On or about September 24, 2025, the Trial Court entered a sealed preliminary injunction. The Debtor does not dispute that it must comply with the Trial Court's pre-petition preliminary injunction.

6.      The stayed Trial Court litigation is still in the discovery phase, and no trial date was set before the Trial Court stayed the litigation. Furthermore, on September 17, 2025, Waste Connections amended its Complaint again to add Ecube Labs Co., Ltd. ("Ecube Korea"), the Debtor's parent company, to the suit, alleging Ecube Korea and the Debtor conspired together to commit tortious conduct against Waste Connections and Ecube Korea and the Debtor are jointly and severally liable for any damages caused by either or both parties.

7.      From June 24, 2024, until the Debtor's Petition Date, the parties had protracted discovery disputes. The Debtor fully participated in discovery, incurring at least $2.5 million to collect documents and run searches for approximately 10,000 terms across hundreds of thousands of pages of material from over 175 custodians. After reviewing those documents, the Debtor

produced about 200,000 pages of material, including over 10,000 pages of internal communications. But the Debtor waited to start production until (i) a confidentiality and protective order and (ii) an electronic discovery protocol were entered by the Court, given the nature of the claims. Both parties argued over these for months, and the Court did not enter these orders until September 6, 2024. Also, based on the electronic discovery protocol, the Debtor did not receive Waste Connections' requested search terms until October 2024 to start searching for and reviewing documents in mass. By January 31, 2025, the Debtor had substantially completed its production.

8.       Along the way, Waste Connections filed two motions to compel against the Debtor. In Waste Connections' first motion to compel, it asked the Trial Court to compel responses to Interrogatory (ROG) Nos. 1, 4–5, 11, and 12, and Request for Production (RFP) Nos. 2–3, 7, 10–13, 15–17, 19, 22, 25, and 27–30. The Trial Court denied the motion as to RFP Nos. 3, 12, and 28, and it greatly modified or narrowed ROG Nos. 1, and 4–5 and RFP Nos. 2, 7, 10–11, 13, 15–17, 19, 22, 27, and 29–30. The Trial Court only compelled, as originally requested, ROG Nos. 11 and 12 and RFP No. 25. A true and accurate copy of the Trial Court's Memorandum Opinion and Order, ECF No. 51, is included as **Hearing Exhibit 19** (and also filed on this Court's Docket at ECF No. 83-5).[1]

9.       In Waste Connections' second motion to compel, it asked the Trial Court to compel responses to RFP Nos. 1, 4, 7, 10–11, 13, 17, 19, 21–23, and 33–34. The Trial Court denied this motion. A true and accurate copy of the Trial Court's Memorandum Order on Motion to Compel, ECF No. 136, is included as **Hearing Exhibit 20** (and also filed on this Court's Docket at ECF No. 83-6).

---

[1] "Hearing Exhibit" refers to those exhibits identified in the Witness and Exhibit List filed by the Debtor on December 19, 2025, in support of the Motion Practice.

10.     Waste Connections also sought to compel a third-party subpoena to Rio Grande Waste Services, Inc., one of the Debtor's third-party hauling partners. After supplemental briefing, the Trial Court denied this motion, too. A true and accurate copy of the Trial Court's Memorandum Order Denying Motion to Compel Compliance with Subpoena, ECF No. 139, is included as **Hearing Exhibit 21** (and also filed on this Court's Docket at ECF No. 83-7).

11.     On December 18, 2025, Waste Connections propounded 13 requests for production (the "RFPs") related to the Motion Practice and asked for a response about 27 hours after service on the Debtor's counsel. A true and accurate copy of the RFPs are included as **Hearing Exhibit 30**. The Debtor responded to the RFPs, and a true and accurate copy of its response and production are included as **Hearing Exhibit 31**."

12.     On October 1, 2025, the Debtor converted $14,511,456.11 of loans from Ecube Korea to equity in the form of 1,400,000 shares of the Debtor. A true and accurate recording of this transaction was produced as Bates Label DEBTOR_0000027 in **Hearing Exhibit 32**.

13.     Since the Debtor filed its Bankruptcy Case, the Debtor's independent contractors have been supplied by Ecube Korea and Crewbloom. Each month of October and November, Ecube Korea supplies the Debtor with about 150 independence contractors to provides sales, service, and operations tasks. At the same time, Crewbloom has supplied less than ten independent contactors to provide the same or similar services to the Debtor.

14.     Since the Debtor was sued by the Original Waste Connections Plaintiffs, the Debtor has incurred over $2.7 million in costs to discovery vendors. A true and accurate copy of the redacted invoices were produced as Bates Label DEBTOR_0000012 to DEBTOR_0000026 in **Hearing Exhibit 32**.

15.     On November 28, 2025, the Debtor filed the D*ebtor's Motion for Entry of an Order*

*(I) Authorizing the Assumption of the Frontier Waste Solutions Hauler Agreement as Amended and Restated, and (II) Establishing the Negotiated Cure Amount Associated with the Frontier Waste Solutions Hauler Agreement* [ECF No. 86] (the "<u>Assumption Motion</u>").  By the Assumption Motion, the Debtor is seeking to assume the Amended and Stated Hauler Agreement ("<u>Amended Frontier Agreement</u>") with Frontier Texas Ventures I, LLC d/b/a Frontier Waste Solutions ("<u>Frontier</u>").  The cure needed to assume the is $625,000.  The Debtor is unable to pay the cure without the postpetition financing from Ecube Korea.  As more fully described in the Assumption Motion, the services of Frontier are critical to the Debtor's operations.  Accordingly, the final approval of the debtor-in-possession financing from Ecube Korea is necessary to preserve the value and viability of the Debtor's business.

16.     A true and correct copy of the 13-Week Budget for the use of the debtor-in-possession loan proceeds and cash collateral is included as **Hearing Exhibit 34**.

17.     Pursuant to 28 U.S.C. 1746, I declare under penalty of perjury that the foregoing is true and correct."

EXECUTED December 19, 2025.

_____
James Noh