IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| ECUBE LABS CO., | ) | Case No. 25-43950 |
| | ) | |
| Debtor. | ) | Judge Mark X. Mullin |
| | ) | |

**EL PASO DISPOSAL, LP, WASTE CONNECTIONS OF TEXAS, LLC, WASTE CONNECTIONS LONE STAR, INC., AND WASTE CONNECTIONS US, INC.'S FIRST REQUEST FOR THE PRODUCTION OF DOCUMENTS TO ECUBE LABS CO., LTD IN CONNECTION WITH DEBTOR'S MOTION TO EXTEND STAY AND DIP FINANCING MOTION**

**PLEASE TAKE NOTICE** that pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure (the "Federal Rules"), made applicable to this contested matter by the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), El Paso Disposal, LP, Waste Connections of Texas, LLC, Waste Connections Lone Star, Inc., and Waste Connections US, Inc. (collectively, the "Waste Connections Parties"), by and through their undersigned counsel, hereby demand that, in connection with the Motion to Extend Stay (defined below), parent company Ecube Labs Co., Ltd. ("Parent") produce the documents requested (the "Requests for Production") in this First Request for the Production of Documents and deliver the same (i) via email to (a) Jorian L. Rose at jrose@bakerlaw.com and Alexis C. Beachdell at abeachdell@bakerlaw.com and (ii) to the offices of Baker & Hostetler LLP, 2850 North Harwood Street, Suite 100, Dallas, Texas 75201, to the attention of Alexis C. Beachdell, Esq., **by no later than 4:00 p.m. Central Time on December 19, 2025**.

1

## **DEFINITIONS**

Unless otherwise specified, the following definitions shall apply to these requests:

1. "**Case**" means the above-captioned chapter 11 case of the Debtor.

2. "**Debtor**" means Ecube Labs Co., the debtor and debtor-in-possession in the above-captioned bankruptcy case and its principals, members, directors, officers, shareholders, managers, employees, attorneys-in-fact, attorneys, nominees, agents, and/or representatives.

3. "**DIP Financing Motion**" means the *Debtor's Motion for Entry of Interim and Final Orders (I) Authorizing the Debtor to Obtain Secured Post-Petition Financing, (II) Scheduling a Final Hearing, and (III) Granting Related Relief* [Docket No. 48].

4. "**El Paso Litigation**" means the litigation pending between the Debtor, the Parent and the Waste Connections Parties in the District Court for the Western District of Texas as Case No. 3:24-cv-00097.

5. "**Motion to Extend Stay**" means the *Debtor's Motion to Extend and Enforce the Automatic Stay to Its Non-Debtor Parent Ecube Labs Co., LTD.* [Docket No. 85].

6. "**Parent**" or "**you**" means Ecube Labs Co., Ltd., the non-debtor parent company of the Debtor, and its principals, members, directors, officers, shareholders, managers, employees, attorneys-in-fact, attorneys, nominees, agents, and/or representatives.

7. The term "**communication**" or "**communications**" means the transmission of any verbal or non-verbal, written or non-written message, document, information, sign, symbol, or behavior, and includes but is not limited to any email, voice messages, inquiry, discussion, conversation, negotiation, agreement, understanding, meeting, telephone conversation, letter, correspondence, note, telegraph, facsimile, text message, advertisement, or any other form of

2

discourse, whether oral, written or electronic, and shall include the process by which such transmission occurs, and is included within the definition of "document" or "documents."

8. The term "**document**" or "**documents**" means, in as comprehensive a sense as contemplated by the Federal Rules, any kind of tangible material, whether written, recorded, microfiled, microfiched, photographed, computerized, reduced to an electronic or magnetic impulse, or otherwise preserved or rendered, and including, but not limited to, papers, agreements, contracts, notes, memoranda, electronic or computer-transmitted messages viewed via monitor, correspondence, communications sent and received, letters, e-mails, facsimile transmissions, statements, invoices, record books, reports, studies, analyses, minutes, books, brochures, advertising, circulars, mailings and publications, working papers, work sheets, charts, drafts, graphs, drawings, printouts, papers or other recordings, tables, compilations, data reports, catalogs, telegrams, calendars, appointment books, memo pads, diaries, indices, rapes, photographs, summaries and/or notes regarding telephone conversations, personal conversations, interviews, and meetings, and any and all other written, printed, recorded, taped, types, duplicated, reproduced or other tangible, matter in your possession, custody or control, including all copies which are not identical to the originals, such as those bearing marginal comments, alterations, notes, or other notations not present on the original document as originally typed, written, or otherwise prepared.

9. The terms "**and**" and "**or**" are to be construed both conjunctively and disjunctively as necessary to make each request inclusive rather than exclusive.

10. The term "**any**" includes the words "**each**," "**all**," and "**every**," and vice versa.

11. The term "**concerning**" means related to, evidencing, constituting, discussing, referring to, defining, describing, mentioning, detailing, commenting upon, pertaining to,

compromising, showing, regarding, reflecting, assessing, evaluating, recording, concerning, or utilized or referred to in connection with.

12. The term "**person**" means any natural person or any legal entity, including without limitation, any business or governmental entity or association. Reference to any Person that is not a natural person, including any Person defined herein, refers to and includes any and all parents, subsidiaries, Affiliates, divisions, branches, agencies, representative offices, predecessors, successors, principals, members, directors, officers, shareholders, managers, employees, attorneys-in-fact, attorneys, nominees, agents, and/or representatives of such Person.

13. The use of the singular form of any word includes the plural and vice versa.

14. All other capitalized terms used herein and not otherwise defined refer to the definition for that term set forth in the Motion to Extend Stay, as applicable, filed by the Debtor in the above-captioned Case. Such definitions are hereby incorporated by reference.

## INSTRUCTIONS FOR REQUESTS FOR PRODUCTION

1. All documents are to be produced as they are kept in the usual course of business including any labels, file markings, or similar identifying features, or shall be organized and labeled to correspond to the categories requested herein. If there are no documents in response to a particular request, or if you withhold any responsive documents or categories of documents based on any objections, you shall state so in writing and state the basis for such objection.

2. These requests call for the production of all responsive documents in your possession, custody, or control, or in the possession, custody, or control of your employees, predecessors, successors, parents, subsidiaries, divisions, affiliates, partners, joint venturers, brokers, accountants, attorneys, financial advisors, representatives, and agents or other persons acting on your behalf, without regard to the physical location of such documents.

3. In responding to these requests, include documents obtained on your behalf by your counsel, employees, agents, and any other persons acting on your behalf. If your response is that documents are not within your possession or custody, describe in detail the unsuccessful efforts you made to locate each such document. If your response is that documents are not under your control, identify who has control of the documents and the location of the documents.

4. If any document was, but no longer is, in your possession, subject to your control, or in existence, include a statement:

  a. identifying the document;

  b. describing where the document is located now;

  c. identifying who has control of the document;

  d. describing how the document became lost or destroyed or was transferred from your possession; and

  e. identifying each of those persons responsible for or having knowledge of the loss, destruction, or transfer of the document from your possession, custody or control.

5. Each request contemplates production of all documents in their entirety. If only a portion of a document is responsive to one or more requests, the document shall be produced in its entirety.

6. If any document(s) are withheld in whole or in part for any reason including, without limitation, a claim of privilege or other protection from disclosure such as the work product doctrine or other business confidentiality or trade secret protection, you shall produce a categorical privilege log setting forth:

  a. a description of the general category of each type of documents withheld;

  b. the privilege justification or basis for each category of documents withheld;

  c. the total number of documents withheld for each privilege category;

  d. the date range of documents withheld in each privilege category;

    e.  the document types in each privilege category;

    f.  the identities of the sender(s), recipient(s), and copyee(s) in each privilege category.

  7.  To the extent you assert that a document contains information that should be protected from disclosure (based on the attorney-client privilege, work product doctrine, or another protection) and non-privileged information, the non-privileged portions of the document must be produced. For each such document, indicate the portion of the document withheld by stamping the words "REDACTED" on the document in an appropriate location that does not obscure the remaining text.

  8.  These requests are continuing, and your response to these requests must be promptly supplemented when appropriate and/or necessary in accordance with Federal Rules and Bankruptcy Rules.

  9.  If you find the meaning of any term in any request unclear, without waiver of the Waste Connections Parties' right to seek a full and complete response to the request, you shall assume a reasonable meaning, state what that assumed meaning is, and respond to the request according to the assumed meaning.

  10.  If any objection is made to any Request for Production, state the reasons for each such objection.

  11.  The Waste Connections Parties expressly reserve the right to supplement these Requests for Production.

*[Requests for Production Begin on Following Page]*

## REQUESTS FOR PRODUCTION

1. All documents and communications between the Debtor and Parent concerning the negotiation of the financing proposed in the DIP Financing Motion.

2. All documents and communications between the Debtor and Parent concerning the filing of the Motion to Extend Stay.

3. All documents supporting or concerning the assertion in paragraph 21 of the Motion to Extend Stay that "[o]n or about August 26, 2025, Waste Connections learned of the Debtor's financial position and its inability to pay debts as they became due."

4. All documents supporting or concerning the assertion in paragraph 32 of the Motion to Extend Stay that "continued litigation against [Parent] would divert the Debtor's resources from the critical tasks of formulating, proposing, and confirming a chapter 11 plan over the next few months."

5. All documents supporting or concerning the assertion in paragraph 52 of the Motion to Extend Stay that "[Parent's] assets will likely be a funding source for the Debtor and will likely play a significant role in the Debtor's efforts to reorganize."

6. All documents supporting or concerning the assertion in paragraph 52 of the Motion to Extend Stay that "[Parent] is the most likely party to provide financial support for the Debtor's reorganization efforts."

7. All documents supporting or concerning the assertion in paragraph 52 of the Motion to Extend Stay that "Any resources [Parent] expends in the [El Paso Litigation] may diminish its ability to provide financial assistance to the Debtor, making the Debtor's successful reorganization less likely."

8. All documents supporting or concerning the assertion in paragraph 52 of the Motion to Extend Stay that "[Parent] is a major supplier of independent contractors to the Debtor to staff the Debtor's sales and operational roles overseas" and "the patents and independent contractors are critical to the Debtor's ability to reorganize and provide future value."

9. All documents supporting or concerning the assertion in paragraph 53 of the Motion to Extend Stay that "[Parent's] time, energy, and commitment to the Debtor are necessary for the formulation of the Debtor's reorganization plan."

10. All documents supporting or concerning the assertion in paragraph 53 of the Motion to Extend Stay that "[Parent's] efforts to continue supplying independent contractors to the Debtor to staff the Debtor's sales and operational roles overseas are necessary for a reorganization."

11. All documents supporting or concerning the assertion in paragraph 53 of the Motion to Extend Stay that "[Parent's] financial commitment to the Debtor is critical for a reorganization."

12. All documents supporting or concerning the assertion in paragraph 59 of the Motion to Extend Stay that "any resources [Parent] expends on the [El Paso Litigation] reduces any potential future help to the Debtor's reorganization plan."

13. All documents supporting or concerning the assertion in paragraph 61 of the Motion to Extend Stay that "[Parent] is the most likely party to provide the Debtor with financial support to help the Debtor emerge from bankruptcy and help the Debtor's estate address claims."

| | |
|---|---|
| Dated: December 18, 2025 | Respectfully submitted, |

**BAKER & HOSTETLER LLP**

By: */s/ Alexis C. Beachdell*
Joshua J. Bennett
Texas Bar No. 24059444
jjbennett@bakerlaw.com
2850 North Harwood Street, Suite 100
Dallas, Texas 75201
Tel: 214.210.1200
Fax. 214.210.1201

Daniel J. Buzzetta (admitted *pro hac vice*)
New York Bar No. 2680528
dbuzzetta@bakerlaw.com
Jorian L. Rose (*pro hac vice forthcoming*)
New York Bar No. 2901783
jrose@bakerlaw.com
45 Rockefeller Plaza, 14th Floor
New York, New York 10111
Tel: 212.589.4200

Alexis C. Beachdell (admitted *pro hac vice*)
Ohio Bar No. 0083642
abeachdell@bakerlaw.com
Scott E. Prince (admitted *pro hac vice*)
Ohio Bar No. 0096004
sprince@bakerlaw.com
127 Public Square, Suite 2000
Cleveland, Ohio 44114
Tel: 216.621.0200

*Attorneys for El Paso Disposal, LP;*
*Waste Connections of Texas, LLC;*
*Waste Connections Lone Star, Inc.;*
*and Waste Connections US, Inc.*

## **CERTIFICATE OF SERVICE**

      I hereby certify that on December 18, 2025, a true and accurate copy of the foregoing First Request for Production of Documents to Ecube Labs Co., Ltd. was served electronically via email on the parties listed below.

Joseph F. Postnikoff: jpostnikoff@romclaw.com
Curt Hochbein: chochbein@romclaw.com

*Counsel for Ecube Labs Co., Ltd.*

                                          */s/ Alexis C. Beachdell*
                                          Alexis C. Beachdell
                                          *Counsel for the Waste Connections Parties*