**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| ECUBE LABS CO., | ) | Case No. 25-43950 |
| | ) | |
| Debtor. | ) | Judge Mark X. Mullin |
| | ) | |

**EL PASO DISPOSAL, LP, WASTE CONNECTIONS OF TEXAS, LLC, WASTE CONNECTIONS LONE STAR, INC., AND WASTE CONNECTIONS US, INC.'S SECOND REQUEST FOR THE PRODUCTION OF DOCUMENTS TO ECUBE LABS CO., LTD, DEBTOR'S PROPOSED DIP LENDER, IN CONNECTION WITH DEBTOR'S DIP FINANCING MOTION AND MOTION TO EXTEND STAY**

**PLEASE TAKE NOTICE** that pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure (the "Federal Rules"), made applicable to this contested matter by the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), El Paso Disposal, LP, Waste Connections of Texas, LLC, Waste Connections Lone Star, Inc., and Waste Connections US, Inc. (collectively, the "Waste Connections Parties"), by and through their undersigned counsel, hereby demand that, in connection with the DIP Financing Motion (as defined below) and Motion to Extend Stay (defined below), parent company and proposed DIP lender Ecube Labs Co., Ltd. ("Parent") produce the documents requested (the "Requests for Production") in this Second Request for the Production of Documents and deliver the same (i) via email to (a) Jorian L. Rose at jrose@bakerlaw.com and (b) Alexis C. Beachdell at abeachdell@bakerlaw.com and (ii) to the offices of Baker & Hostetler LLP, 2850 North Harwood Street, Suite 100, Dallas, Texas 75201, to the attention of Alexis C. Beachdell, Esq., **by no later than 4:00 p.m. Central Time on January 14, 2026**.

1

## **DEFINITIONS**

Unless otherwise specified, the following definitions shall apply to these requests:

1. "**Case**" means the above-captioned chapter 11 case of the Debtor.

2. "**Debtor**" means Ecube Labs Co., the debtor and debtor-in-possession in the above-captioned bankruptcy case and its principals, members, directors, officers, shareholders, managers, employees, attorneys-in-fact, attorneys, nominees, agents, and/or representatives.

3. "**DIP Budget**" means any budgets, plans, forecasts, and projections (including 13-week cash flows) prepared by the Debtor in connection with the DIP Financing Motion.

4. "**DIP Financing Motion**" means the *Debtor's Motion for Entry of Interim and Final Orders (I) Authorizing the Debtor to Obtain Secured Post-Petition Financing, (II) Scheduling a Final Hearing, and (III) Granting Related Relief* [Docket No. 48].

5. "**Financial Document**" means any Documents reflecting, summarizing, analyzing, or supporting financial condition and performance, including without limitation:

   a. General ledgers, subledgers, trial balances, journal entries (with support), chart of accounts;

   b. Monthly/quarterly/annual financial statements (income statements, balance sheets, cash flow statements), consolidating/consolidated schedules, footnotes, and management discussion and analysis;

   c. Budgets, plans, forecasts, projections (including 13-week cash flow), variance analyses and dashboards;

   d. Audit reports, review/compilation reports, management letters, internal audit reports, and any auditor workpapers You possess;

   e. Bank, credit card, and investment account statements, cancelled checks, wire confirmations, ACH logs, bank reconciliations, lockbox reports, merchant processor statements;

   f. Accounts receivable/payable aging reports, customer and vendor master files, billing/invoicing records, credit memos, write-offs, collections logs;

2

    g. Payroll registers, summaries, time records, benefits summaries, bonuses/commissions, W-2s/1099s issued by You;

    h. Tax returns (federal, state, local);

    i. Debt instruments, loan agreements, security agreements, guarantees, intercreditor agreements, DIP budgets and variance reports, covenant compliance certificates, borrowing base certificates, amortization schedules;

    j. Equity instruments, cap tables, option/RSU schedules, board consents related to issuances or redemptions, distributions/dividends;

    k. Intercompany agreements, intercompany loan/balance schedules, transfer pricing agreements, true-ups, settlement entries; and

    l. Any financial analyses prepared by or for management, the board, lenders, investors, or potential buyers.

6.     "**Independent Contracting Services**" means any independent contractors or independent contracting services provided by Parent to the Debtor, including, but not limited to, the independent contractors identified in paragraph 13 the *Supplemental Declaration of James Noh In Support of Debtor's (I) Motion to Extend and Enforce the Automatic Stay to Its Non-Debtor Parent Ecube Labs Co, LTD., (II) Response to Waste Connections' Motion for Relief from the Automatic Stay, and (III) Motion for a Final Order Authorizing the Debtor to Obtain Secured Postpetition Financing* [Docket No. 112-15].

7.     "**Motion to Extend Stay**" means the *Debtor's Motion to Extend and Enforce the Automatic Stay to Its Non-Debtor Parent Ecube Labs Co., LTD.* [Docket No. 85].

8.     "**Parent**" or "**you**" or "**your**" means Ecube Labs Co., Ltd., the non-debtor parent company and proposed DIP lender of the Debtor, and its principals, members, directors, officers, shareholders, managers, employees, attorneys-in-fact, attorneys, nominees, agents, and/or representatives.

9.     "**Petition Date**" means October 10, 2025.

3

10. "**Plan**" means any plan of reorganization or liquidation that the Debtor intends to seek confirmation of in the Case.

11. The term "**communication**" or "**communications**" means the transmission of any verbal or non-verbal, written or non-written message, document, information, sign, symbol, or behavior, and includes but is not limited to any email, voice messages, inquiry, discussion, conversation, negotiation, agreement, understanding, meeting, telephone conversation, letter, correspondence, note, telegraph, facsimile, text message, advertisement, or any other form of discourse, whether oral, written or electronic, and shall include the process by which such transmission occurs, and is included within the definition of "document" or "documents."

12. The term "**document**" or "**documents**" means, in as comprehensive a sense as contemplated by the Federal Rules, any kind of tangible material, whether written, recorded, microfiled, microfiched, photographed, computerized, reduced to an electronic or magnetic impulse, or otherwise preserved or rendered, and including, but not limited to, papers, agreements, contracts, notes, memoranda, electronic or computer-transmitted messages viewed via monitor, correspondence, communications sent and received, letters, e-mails, facsimile transmissions, statements, invoices, record books, reports, studies, analyses, minutes, books, brochures, advertising, circulars, mailings and publications, working papers, work sheets, charts, drafts, graphs, drawings, printouts, papers or other recordings, tables, compilations, data reports, catalogs, telegrams, calendars, appointment books, memo pads, diaries, indices, rapes, photographs, summaries and/or notes regarding telephone conversations, personal conversations, interviews, and meetings, and any and all other written, printed, recorded, taped, types, duplicated, reproduced or other tangible, matter in your possession, custody or control, including all copies which are not

4

identical to the originals, such as those bearing marginal comments, alterations, notes, or other notations not present on the original document as originally typed, written, or otherwise prepared.

13.  The terms "**and**" and "**or**" are to be construed both conjunctively and disjunctively as necessary to make each request inclusive rather than exclusive.

14.  The term "**any**" includes the words "**each**," "**all**," and "**every**," and vice versa.

15.  The term "**concerning**" means related to, evidencing, constituting, discussing, referring to, defining, describing, mentioning, detailing, commenting upon, pertaining to, compromising, showing, regarding, reflecting, assessing, evaluating, recording, concerning, or utilized or referred to in connection with.

16.  The term "**person**" means any natural person or any legal entity, including without limitation, any business or governmental entity or association. Reference to any Person that is not a natural person, including any Person defined herein, refers to and includes any and all parents, subsidiaries, Affiliates, divisions, branches, agencies, representative offices, predecessors, successors, principals, members, directors, officers, shareholders, managers, employees, attorneys-in-fact, attorneys, nominees, agents, and/or representatives of such Person.

17.  The use of the singular form of any word includes the plural and vice versa.

18.  All other capitalized terms used herein and not otherwise defined refer to the definition for that term set forth in the DIP Financing Motion or Motion to Extend Stay, as applicable, filed by the Debtor in the above-captioned Case. Such definitions are hereby incorporated by reference.

## INSTRUCTIONS FOR REQUESTS FOR PRODUCTION

1.  All documents are to be produced as they are kept in the usual course of business including any labels, file markings, or similar identifying features, or shall be organized and

labeled to correspond to the categories requested herein. If there are no documents in response to a particular request, or if you withhold any responsive documents or categories of documents based on any objections, you shall state so in writing and state the basis for such objection.

2. These requests call for the production of all responsive documents in your possession, custody, or control, or in the possession, custody, or control of your employees, predecessors, successors, parents, subsidiaries, divisions, affiliates, partners, joint venturers, brokers, accountants, attorneys, financial advisors, representatives, and agents or other persons acting on your behalf, without regard to the physical location of such documents.

3. In responding to these requests, include documents obtained on your behalf by your counsel, employees, agents, and any other persons acting on your behalf. If your response is that documents are not within your possession or custody, describe in detail the unsuccessful efforts you made to locate each such document. If your response is that documents are not under your control, identify who has control of the documents and the location of the documents.

4. If any document was, but no longer is, in your possession, subject to your control, or in existence, include a statement:

    a. identifying the document;

    b. describing where the document is located now;

    c. identifying who has control of the document;

    d. describing how the document became lost or destroyed or was transferred from your possession; and

    e. identifying each of those persons responsible for or having knowledge of the loss, destruction, or transfer of the document from your possession, custody or control.

6

5. Each request contemplates production of all documents in their entirety. If only a portion of a document is responsive to one or more requests, the document shall be produced in its entirety.

6. If any document(s) are withheld in whole or in part for any reason including, without limitation, a claim of privilege or other protection from disclosure such as the work product doctrine or other business confidentiality or trade secret protection, you shall produce a categorical privilege log setting forth:

    a. a description of the general category of each type of documents withheld;

    b. the privilege justification or basis for each category of documents withheld;

    c. the total number of documents withheld for each privilege category;

    d. the date range of documents withheld in each privilege category;

    e. the document types in each privilege category;

    f. the identities of the sender(s), recipient(s), and copyee(s) in each privilege category.

7. To the extent you assert that a document contains information that should be protected from disclosure (based on the attorney-client privilege, work product doctrine, or another protection) and non-privileged information, the non-privileged portions of the document must be produced. For each such document, indicate the portion of the document withheld by stamping the words "REDACTED" on the document in an appropriate location that does not obscure the remaining text.

8. These requests are continuing, and your response to these requests must be promptly supplemented when appropriate and/or necessary in accordance with Federal Rules and Bankruptcy Rules.

9. If you find the meaning of any term in any request unclear, without waiver of the Waste Connections Parties' right to seek a full and complete response to the request, you shall assume a reasonable meaning, state what that assumed meaning is, and respond to the request according to the assumed meaning.

10. If any objection is made to any Request for Production, state the reasons for each such objection.

11. The Waste Connections Parties expressly reserve the right to supplement these Requests for Production.

*[Requests for Production Begin on Following Page]*

## **REQUESTS FOR PRODUCTION**

1. All documents and communications related to or concerning the financing to be provided by Parent to the Debtor as proposed in the DIP Financing Motion, including without limitation, all (i) documents and communications reflecting negotiations, (ii) draft term sheets, (iii) draft letters of intent, (iv) draft DIP Budgets related thereto, all including any amendments, and (v) Parent's due diligence, evaluation, requests for information or documents, analysis, opinions, findings, and decisions.

2. All documents and communications related to or concerning the creation of the Debtor's DIP Budget, including without limitation, all back-up financial information used to create the DIP Budget and all documents and communications evidencing any assumptions related thereto.

3. All Financial Documents of Parent for the year preceding the Petition Date.

4. All documents and communications evidencing the post-petition legal fees incurred by Parent in connection with this Case from the Petition Date through December 31, 2025.

5. All documents and communications documenting, related to or concerning the pre-petition debt to equity conversion of approximately $14 million of pre-petition funding made by Parent to the Debtor, including without limitation, Financial Documents of Parent before and after the conversion.

6. All documents and communications between the Debtor and Parent related to or concerning the Independent Contracting Services, including without limitation, any (i) contracts related to the Independent Contracting Services and (ii) copies of invoices related to the Independent Contracting Services.

7. All agreements between Parent and the Debtor.

8. All agreements between Parent and any officer, director, agent, representative or employee of the Debtor, including, without limitation, any agreements related to or concerning the reimbursement of expenses of the Debtor paid by an officer, director, agent, representative or employee of the Debtor.

9. All documents and communications between Parent and the Debtor related to or concerning employees, employment agreements, or Parent providing or sharing employees, agents or representatives with the Debtor.

10. All documents and communications related to or concerning Parent's assistance with the Case, including, without limitation, any documents and communications related to or concerning Parent providing strategic assistance, financial assistance, operational assistance, the Independent Contracting Services, or other support.

11. All documents and communications related to or concerning Parent's participation in the Debtor's operations during the Case, including, without limitations, any documents and communications related to or concerning Parent providing strategic assistance, financial assistance, operational assistance, the Independent Contracting Services, or other support.

12. All documents and communications related to or concerning the preparation and formulation of the Debtor's Plan.

13. All documents and communications between Debtor and the Parent related to or concerning the Debtor's alleged indemnification obligations owed to Parent as asserted by Debtor in the Motion to Extend Stay.

*[Remainder of Page Intentionally Left Blank]*

Dated: January 7, 2026

Respectfully submitted,

**BAKER & HOSTETLER LLP**

By: */s/ Alexis C. Beachdell*
Daniel J. Buzzetta (*admitted pro hac vice*)
New York Bar No. 2680528
dbuzzetta@bakerlaw.com
Jorian L. Rose (*pro hac vice forthcoming*)
New York Bar No. 2901783
jrose@bakerlaw.com
45 Rockefeller Plaza, 14th Floor
New York, New York 10111
Tel: 212.589.4200

Alexis C. Beachdell (admitted *pro hac vice*)
Ohio Bar No. 0083642
abeachdell@bakerlaw.com
Scott E. Prince (admitted *pro hac vice*)
Ohio Bar No. 0096004
sprince@bakerlaw.com
127 Public Square, Suite 2000
Cleveland, Ohio 44114
Tel: 216.621.0200

-and-

**PACHULSKI STANG ZIEHL & JONES LLP**
Michael D. Warner, Esq. (TX Bar No. 00792304)
700 Louisiana Street, Suite 4500
Houston, TX 77002
Telephone: (713) 691-9385
Facsimile: (713) 691-9407
Email: mwarner@pszjlaw.com

*Attorneys for El Paso Disposal, LP;*
*Waste Connections of Texas, LLC;*
*Waste Connections Lone Star, Inc.;*
*and Waste Connections US, Inc.*

## **CERTIFICATE OF SERVICE**

      I hereby certify that on January 7, 2026, a true and accurate copy of the foregoing Second Request for Production of Documents to Ecube Labs Co., Ltd. was served electronically via email on the parties listed below.

Joseph F. Postnikoff: jpostnikoff@romclaw.com
Curt Hochbein: chochbein@romclaw.com
Kim Jinhee: jinheekim@jipyong.com

*Counsel for Ecube Labs Co., Ltd.*

                                  */s/ Alexis C. Beachdell*
                                   Alexis C. Beachdell
                                  *Counsel for the Waste Connections Parties*