Michael D. Warner, Esq. (TX Bar No. 00792304)
700 Louisiana Street, Suite 4500
Houston, TX 77002
**PACHULSKI STANG ZIEHL & JONES LLP**
Telephone: (713) 691-9385
Facsimile: (713) 691-9407
Email:  mwarner@pszjlaw.com

Daniel J. Buzzetta, Esq. (admitted *pro hac vice*)
New York Bar No. 2680528
dbuzzetta@bakerlaw.com
Jorian L. Rose (*pro hac vice* forthcoming)
New York Bar No. 2901783
jrose@bakerlaw.com
**BAKER & HOSTETLER LLP**
45 Rockefeller Plaza, 14th Floor
New York, New York 10111
Tel: 212.589.4200

Alexis C. Beachdell, Esq. (admitted *pro hac vice*)
Ohio Bar No. 0083642
abeachdell@bakerlaw.com
Scott E. Prince (admitted *pro hac vice*)
Ohio Bar No. 0096004
sprince@bakerlaw.com
**BAKER & HOSTETLER LLP**
127 Public Square, Suite 2000
Cleveland, Ohio 44114
Tel: 216.621.0200

*Attorneys for the Waste Connections Parties*

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| ECUBE LABS CO., | ) | Case No. 25-43950 |
| | ) | |
| Debtor. | ) | Judge Mark X. Mullin |

**WASTE CONNECTIONS PARTIES'**
*STATUS HEARING STATEMENT*
<u>**FOR HEARINGS SCHEDULED FOR MARCH 25, 2026, AT 9:30 A.M.**</u>

El Paso Disposal, LP, Waste Connections of Texas, LLC, Waste Connections Lone Star, Inc., and Waste Connections US, Inc. (collectively, the "**Waste Connections Parties**") file this *Status Hearing Statement* in connection with the Hearings scheduled for March 25, 2026, at 9:30 a.m.

1.      On February 25, 2026, this Court set two (2) matters for Hearing on March 25, 2026, *to wit*:

- A Hearing on the *Emergency Motion of Waste Connections Parties for Entry of an Order Compelling Ecube Labs Co., Ltd. to Respond to the Waste Connections Parties' Discovery Requests* (the "**Motion to Compel**");[1] and

- A *Status* Hearing on the *Debtor's Amended Motion to Extend and Enforce the Automatic Stay to Its Non-Debtor Parent Ecube Labs Co., Ltd.* (the "**Amended Stay Extension Motion**").[2]

2.      On March 18, 2026, the Waste Connections Parties filed their *Notice of Withdrawal, etc.* of the Motion to Compel.[3]  As a result, the Hearing on the Motion to Compel is *off calendar*.

3.      On March 18, 2026, the Waste Connections Parties filed their *Objection of the Waste Connections Parties to the Debtor's Amended Motion to Extend and Enforce the Automatic Stay to Its Non-Debtor Parent Ecube Labs Co., Ltd.* (the "**Opposition-Amended Stay Extension Motion**").[4]

---

[1] Docket No. 157.  On March 11, 2026, Ecube Labs Co., Ltd., commonly referred to as the "**Foreign Parent**" filed its Opposition to the Motion to Compel.  Docket No. 183.

[2] Docket No. 174.  The Amended Stay Motion was filed on February 25, 2025; and responsive pleadings were due to be filed on March 18, 2026.

[3] Docket No. 185.

[4] Docket No. 184. Capitalized terms used herein but not otherwise defined shall have the meanings ascribed to them in the Opposition-Amended Stay Extension Motion.

4. With respect to the Status Hearing on the Amended Stay Extension Motion, as more fully provided in the Opposition-Amended Stay Extension Motion, **for at least four reasons, there is no need, at this junction, to set a hearing on the Amended Stay Extension Motion**.

**First**: The Automatic Stay imposed by Bankruptcy Code Section 362 prohibits, absent relief from this Court, any proceeding *against the Debtor*, in the El Paso Litigation. Thus, the Debtor is protected.[5]

**Second**: The Foreign Parent is likewise protected from any proceeding in the El Paso Litigation, pending a ruling on the Foreign Parent's Motion To Dismiss the El Paso Litigation.[6] By extension, as proceeding against the Foreign Parent cannot be pursued, discovery from the Debtor and/or the Debtor's participation, even indirectly, cannot be pursued in the El Paso Litigation.[7] Thus, the Debtor is protected.

---

[5] On November 12, 2025, the Waste Connections Parties filed their *Motion for Relief from the Automatic Stay, etc.* (the "**Motion For Relief**"). Docket No. 54. Since the filing of both the *original* Stay Extension Motion (Docket No. 85), and the Motion For Relief, both Motions have been *set and carried* on the Court's calendar concurrently. Should the Court, as the Waste Connections Parties suggest herein, *not currently* set a hearing on the Amended Stay Extension Motion, the Waste Connections Parties agree to have the Motion For Relief carried concurrently.

[6] On December 10, 2025, the Foreign Parent filed its *Motion to Dismiss, etc.* in the El Paso Litigation (the "**Motion To Dismiss**"). District Court Docket No. 202. The Motion To Dismiss is fully briefed and ripe for ruling by the District Court; as of this date the District Court has neither set a hearing or ruled on the Motion to Dismiss. The Foreign Parent's Motion To Dismiss is *its* chosen method of extracting itself from the El Paso Litigation, as opposed to seeking a temporary stay from this Court. In fact, the Foreign Parent has taken absolutely no formal position in this Court on the Amended Stay Extension Motion (nor the original thereof) – the Foreign Parent's indifference to the granting of the Amended Stay Extension Motion is telling. To the contrary, the Foreign Parent has sought from the District Court, as alternative relief in its Motion To Dismiss, a stay for its benefit of the El Paso Litigation, pursuant to 11 U.S.C. Section 105.

On February 10, 2026 (after the filing of the original Stay Extension Motion) The Waste Connections Parties and the Foreign Parent executed the *Joint Notice of Agreement to Stay* in the El Paso Litigation (District Court Docket No. 211), and such Joint Notice was admitted into evidence in this Court on February 18, 2026 (a copy of which is attached hereto as Exhibit 1); and on February 17, 2026, the District Court entered its Order consistent with the foregoing Stipulation (District Court Docket No. 212, a copy of which is attached hereto as Exhibit 2), which Order stays all proceedings pending a ruling on the Motion to Dismiss (the "**District Court Ordered Stay**"). The stipulation preceding the District Court Ordered Stay was, *inter alia*, an acknowledgement by the Waste Connections Parties and the Foreign Parent that the parties should *standdown* and not incur additional fees and expenses, until a ruling on the Motion to Dismiss.

[7] Among the Debtor's arguments in the Amended Stay Extension Motion is that the Debtor could be subjected to discovery, either directly or indirectly, in connection with discovery propounded to the Foreign Parent in the El Paso Litigation; and, the Debtor also asserts that rulings against the Foreign Parent could be imputed to the Debtor, without the Debtor's participation in the El Paso Litigation.

**Third**:   The Motion to Dismiss, if granted, without appellate relief, would extract the Foreign Parent from the El Paso Litigation; and the converse is true – should the Motion to Dismiss be denied, the District Court will next address the continued El Paso Litigation.[8]  Not until such date, does the Foreign Parent, and indirectly, the Debtor, need protection of a stay from this Court.

**Fourth**:   This Court is being asked, prematurely, to address the Amended Stay Extension Motion, which is clearly not ripe.[9] Until there is a ruling on the Motion to Dismiss, the *status quo* is maintained for both the Debtor and the Foreign Parent.[10]

5.      Based on the foregoing, the Waste Connections Parties suggest that the Court **not** set a hearing, at this time, on the Amended Stay Extension Motion.  Rather, the Court should consider carrying both the Amended Stay Extension Motion and the Motion For Relief, until a date following the final ruling on the Motion to Dismiss.

6.      The Waste Connections Parties propose that the following language to be included in an Order following the March 25, 2026, Status Hearing:

- Following the entry of an order denying the Motion To Dismiss by the District Court, the Debtor may seek an expedited setting from the Clerk of the Bankruptcy Court for a hearing on the Amended Stay Extension Motion, which request may be made by E-Mail communication to the Clerk of the Bankruptcy Court, with a concurrent copy to the United States Trustee and counsel for the Waste Connections Parties;

- The Motion For Relief may be set for hearing by the Waste Connections Parties on the same hearing date and time, as the Amended Stay Extension Motion; and nothing herein prevents the Waste Connections Parties from seeking a separate setting on the Motion for Relief;

---

[8] Nothing herein should result in an assumption that the Waste Connections Parties believe that the Motion to Dismiss will be granted.  To the contrary, the Waste Connections Parties have affirmatively and strenuously opposed the Motion to Dismiss and await the ruling of the District Court.

[9] Article III, Section 2, Clause 1 of the United States Constitution provides that Federal Courts must only judge cases that are actual "cases and controversies." In this instance, the Amended Stay Motion seeks to redress a harm that has not yet occurred and may never occur (should the Motion to Dismiss, be granted, without appellate reversal).

[10] Were the Court to prematurely consider the Amended Stay Extension Motion, the Debtor will incur significant legal fees and expenses in connection with preparing and presenting the matter – a matter that, may never need to be considered.  It is axiomatic that all parties, including the Debtor should be concerned by unnecessary expenditures, or at least premature expenditures, of estate resources.  Further, the Waste Connections Parties would clearly incur, what may be unnecessary fees and expense, or at least pre-maturely incur the same.  *See* footnote 6, ¶ 2.

- Any setting on the Amended Stay Extension Motion and/or the Motion for Relief, must be on no less than ten (10) calendar days' notice; and

- Absent an Order of the District Court requiring action by the Waste Connections Parties to the contrary, the Waste Connections Parties have agreed and will not take any action in the El Paso Litigation pending the first setting on the Amended Stay Extension Motion, provided that such first setting is within 25 calendar days of the entry of an order denying the Motion to Dismiss.

Dated: March 20, 2026

Respectfully submitted,

**PACHULSKI STANG ZIEHL & JONES LLP**

By: */s/ Michael D. Warner*
Michael D. Warner, Esq. (TX Bar No. 00792304)
700 Louisiana Street, Suite 4500
Houston, TX 77002
Telephone: (713) 691-9385
Facsimile: (713) 691-9407
Email: mwarner@pszjlaw.com

-and-

**BAKER & HOSTETLER LLP**
Daniel J. Buzzetta, Esq. (admitted *pro hac vice*)
New York Bar No. 2680528
dbuzzetta@bakerlaw.com
Jorian L. Rose (*pro hac vice forthcoming*)
New York Bar No. 2901783 jrose@bakerlaw.com
45 Rockefeller Plaza, 14th Floor
New York, New York 10111
Tel: 212.589.4200

Alexis C. Beachdell, Esq. (admitted *pro hac vice*)
Ohio Bar No. 0083642
abeachdell@bakerlaw.com
Scott E. Prince (admitted *pro hac vice*)
Ohio Bar No. 0096004
sprince@bakerlaw.com
127 Public Square, Suite 2000
Cleveland, Ohio 44114
Tel: 216.621.0200

*Attorneys for the Waste Connections Parties*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that, on March 20, 2026, a true and accurate copy of the foregoing *Status Hearing Statement* was served electronically via the Court's CM/ECF notification system on all parties registered to receive such service.

*/s/ Michael D. Warner*
Michael D. Warner

**EXHIBIT 1**

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION**

| | | |
|---|---|---|
| **EL PASO DISPOSAL, LP,** | § | |
| **WASTE CONNECTIONS OF** | § | |
| **TEXAS, LLC, WASTE** | § | |
| **CONNECTIONS LONE STAR,** | § | |
| **INC., and WASTE CONNECTIONS** | § | |
| **US, INC.,** | § | **CAUSE NO. EP-24-CV-97-KC** |
| | § | |
| **Plaintiffs,** | § | |
| | § | |
| **v.** | § | |
| | § | |
| **ECUBE LABS CO. d/b/a HAULLA** | § | |
| **SERVICES, and ECUBE LABS CO.,** | § | |
| **LTD.,** | § | |
| | § | |
| **Defendants.** | § | |

**JOINT NOTICE OF AGREEMENT TO STAY**

In response to the Court's January 27, 2026 order (ECF No. 210), Plaintiffs and Defendant

Ecube Labs Co., Ltd. ("Ecube") jointly notify the Court that they are in agreement to stay all

deadlines pending adjudication of Ecube's motion to dismiss.

Date: February 10, 2026                     Respectfully submitted,

**KEMP SMITH LLP**                          **GREENBERG TRAURIG, LLP**

By: *s/ Andrew E. Samuels*                  *s/ Alan W. Hersh (by permission)*
Ken Slavin                                  Craig Duewall
Texas Bar No. 18496100                      Texas Bar No. 24025334
ken.slavin@kempsmith.com                    Email: duewallc@gtlaw.com
Valerie R. Auger                            Janis Clements
Texas Bar No. 24076251                      Texas Bar No. 04365500
valerie.auger@kempsmith.com                 Email: clementsj@gtlaw.com
221 N. Kansas, Suite 1700                    Alan W. Hersh
El Paso, Texas 79901                        Texas Bar No. 24080944
Telephone: (915) 533-4424                   Email: hersha@gtlaw.com
Facsimile: (915) 546-5360                   300 West 6th Street, Suite 2050
                                            Austin, Texas 78701
                                            Tel: (512) 320-7200
                                            Fax: (512) 320-7210

1

**BAKER & HOSTETLER LLP**

Daniel J. Buzzetta (admitted *pro hac vice*)
dbuzzetta@bakerlaw.com
45 Rockefeller Plaza
New York, New York 10111
Phone: (212) 589-4200

Andrew E. Samuels
asamuels@bakerlaw.com
200 Civic Center Drive, Suite 1200
Columbus, Ohio 43215
Phone: (614) 228-1541

Sushant Mohan
Texas Bar No. 24092847
sumohan@bakerlaw.com
Nikki L. Morris
Texas Bar No. 24098143
nmorris@bakerlaw.com
Alexandra L. Trujillo
Texas Bar No. 24110452
atrujillo@bakerlaw.com
811 Main Street, Suite 1100
Houston, Texas 77002
Phone: (713) 751-1600

*Counsel for Plaintiffs*

**JIPYONG LLC**

Jinhee Kim (Admitted *Pro Hac Vice*)
Email: jinheekim@jipyong.com
Somin Jun (Admitted *Pro Hac Vice*)
Email: smjun@jipyong.com
26F Grand Central A
14 Sejong-daero, Jung-gu
Seoul 04527, Republic of Korea

*Counsel for Defendant Ecube Labs Co., Ltd.*

2

**EXHIBIT 2**

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION**

EL PASO DISPOSAL, LP; WASTE § 
CONNECTIONS OF TEXAS, LLC; §
WASTE CONNECTIONS LONE §
STAR, INC.; and WASTE §
CONNECTIONS US, INC., §
§
   **Plaintiffs and Counter-Defendants,** §
§
**v.** §    **CAUSE NO. EP-24-CV-97-KC**
§
ECUBE LABS CO. d/b/a HAULLA §
SERVICES; and ECUBE LABS CO., §
LTD., §
§
   **Defendants and Counter-Plaintiff.** §

**ORDER**

On this day, the Court considered the case. On January 27, 2026, the Court ordered the parties to meet, confer, and file either (1) a joint report of parties' planning meeting as specified in the Court's Standing Order on Pretrial Deadlines, or (2) if the parties were in agreement to stay all deadlines pending adjudication of Ecube Labs Co., Ltd.'s ("Eube's") Motion to Dismiss, a notice of that agreement. Jan. 27, 2026, Order 2, ECF No. 210.

The parties now inform the Court that "they are in agreement to stay all deadlines pending adjudication of Ecube's motion to dismiss." Joint Notice 1, ECF No. 211.

Therefore, the Court **ORDERS** that discovery and all other pretrial deadlines in this matter are **STAYED** pending resolution of Ecube's Motion to Dismiss, ECF No. 202, which remains under advisement.

**SO ORDERED**.

**SIGNED this 17th day of February, 2026.**

KATHLEEN  CARDONE
UNITED STATES DISTRICT JUDGE